IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHN ESSARY, ) | |
| Movant, ) | |
| ) | Cv. No. 2:13-cv-02228-JPM-dkv |
| v. ) | Cr. No. 2:08-cr-20374-JPM |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255,
DENYING CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") filed by Movant, John Essary, Bureau of Prisons register number 22588-076, who is currently incarcerated at the United States Penitentiary in Leavenworth, Kansas. (§ 2255 Mot., *Essary v. United States*, No. 2:13-cv-02228-JPM-dkv (W.D. Tenn.), ECF No. 1; *see also* Notice of Change of Address, *id.*, ECF No. 3.) For the reasons stated below, the Court DENIES the § 2255 Motion.

I. **PROCEDURAL HISTORY**

A. **Criminal Case Number 08-20374**

On November 18, 2008, a federal grand jury returned a single-count indictment charging that, on or about June 15, 2008, Essary, a convicted felon, knowingly possessed a Marlin .30-30 WIN caliber rifle in violation of 18 U.S.C. § 922(g). (Indictment, *United States v. Essary*, No.

2:08-cr-20364-JPM (W.D. Tenn.), ECF No. 1.)  The factual basis for the charge is stated in the presence report ("PSR"):

> **The Offense Conduct**
>
> 5. According to the investigative report, on June 15, 2008, Memphis Police Department officers responded to an armed party call at 3850 Orchi Road, Memphis, TN.  William Swayne advised officers that **John Essary**, who has just shot at Mr. Swayne and Howard Tackett, was leaving the scene.  Officers stopped **Essary** on Addison Road just west of Orchi Road.
>
> 6. Officers returned **Essary** to the scene where he was identified by Mr. Swayne and Mr. Tackett as the individual who shot at them.  Both stated that they observed **Essary** get into an argument with another male in front of 3850 Orchi Road, Memphis, TN before getting involved in a fight with several other males in the street.  Mr. Swayne and Mr. Tacked advised that **Essary** stated that he was going to get his "30-30" and was coming back to shoot them all.  Mr. Swayne and Mr. Tackett also advised that **Essary** returned to the location a short time later armed with a rifle.
>
> 7. Jerry Parky informed officers that he observed **Essary** walking down Orchi Street towards them, armed with a rifle.  At that time, Mr. Parky fired one shot at **Essary** with a handgun that he kept in his wrecker truck.  **Essary** then fired one round from the area of Orchi Street towards Addison Road and continued walking down Orchi Street.  Mr. Parky fired another shot at **Essary** in response.
>
> 8. Mr. Swayne, Mr. Tackett and Mr. Parky informed officers that **Essary** fired four to six shots before Mr. Tackett persuaded **Essary** to hand over the rifle.  Mr. Tackett advised that he returned the rifle to **Essary's** house and left it with **Essary's** wife.  Officers went to **Essary's** home at 3858 Longfellow Road, Memphis, TN and recovered the rifle from **Essary's** wife.
>
> . . . .
>
> 14. An examination of the weapon conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives revealed the firearm possessed by **Essary** on July 25, 2008, was not manufactured in Tennessee and therefore, at some point, traveled in interstate and/or foreign commerce.  A criminal history search revealed **Essary** is a convicted felon.
>
> . . . .

### Adjustment for Acceptance of Responsibility

17. During the interview with the probation officer, the defendant stated that on the day of the instant offense, he was depressed about not having work and the poor economy and had been drinking. The defendant advised that he was heading to his son's house down the street from his home when he stopped along the way to speak to another person. He stated that at that time, he got into a fight with a D12 gang member who "brought a crew" with him. The defendant stated that he left and got a gun which is when the gang member shot at him. The defendant stated that he was "real sorry it happened" and that this "has messed up his life." The defendant advised that he has had to move his family out of this location due to the instant offense. The defendant stated that the instant offense occurred because of the circumstances and that he has never pulled a gun on anyone but did so because he felt threatened.

(PSR ¶¶ 5-8, 14, 17.)

Pursuant to a written plea agreement, Essary appeared before the Court on November 16, 2009, to plead guilty to the sole count of the Indictment. (Min. Entry, *United States v. Essary*, No. 2:08-cr-20364-JPM (W.D. Tenn.), ECF No. 31; Plea Agreement, *id.*, ECF No. 34.) At a hearing on December 7, 2010, the Court sentenced Essary as an armed career criminal to a term of imprisonment of one hundred eighty-eight months, to be followed by a five-year period of supervised release. (Min. Entry, *id.*, ECF No. 80.)[1] Judgment was entered on December 7,

---

[1] The 2009 edition of the *Guidelines Manual* was used to calculate Essary's sentencing range. (PSR ¶ 18.) Pursuant to § 2K2.1(a)(4) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for unlawful possession of a firearm is 20 if the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense. (*See id.* ¶ 19.) Essary received a four-level enhancement for using or possessing the firearm in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6). (*See id.* ¶ 20.) Essary also received a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, resulting in a total offense level of 21. (*See id.* ¶¶ 25, 26.) Given his criminal history category of VI, the guideline sentencing range ordinarily would have been 77-96 months.

However, because of his prior convictions for violent felonies, Essary was sentenced as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and U.S.S.G. § 4B1.4. Pursuant to U.S.S.G. § 4B1.4(b)(3)(B), the offense level was 34 and, after the reduction for acceptance of responsibility, the total offense level was 31. (*See id.* ¶¶ 27-29.) The guideline sentencing range was 188-235 months. Essary was also subject to a

2010. (J. in a Criminal Case, *id.*, ECF No. 81.) Essary filed a notice of appeal on December 14, 2010. (Notice of Appeal, *id.*, ECF No. 88.) The Sixth Circuit affirmed. (Order, *United States v. Essary*, No. 10-6542 (6th Cir. Jan. 10, 2012), ECF No. 54).

### B. Case Number 13-2228

On April 11, 2013, Essary filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). (§ 2255 Mot., *Essary v. United States*, No. 2:13-cv-02228-JPM-dkv (W.D. Tenn.), ECF No. 1.) This motion presents the following issues:

1. "Mr. Essary was wrongly sentenced as an Armed Career Criminal, both in the calculation of his advisory guidelines range and the determination that the statutory range was 15 years to life, as he did not have three prior convictions that qualified under U.S.S.G. § 4B1.4(b) or 18 U.S.C. § 924(e)" (§ 2255 Mot. at 5, *id.*, ECF No. 1);

2. "Mr. Essary was wrongly sentenced as an Armed Career Criminal, as the existence and/or character of prior convictions used to support the district court's findings needed to be proved to a jury beyond a reasonable doubt, and even though Mr. Essary's counsel did not challenge the fact, Mr. Essary was not aware that, without an admission, those prior convictions would need to be proved to a jury" (§ 2255 Mot. at 6, *id.*, ECF No. 1); and

3. "Mr. Essary's right to effective assistance of counsel was violated when the district court plainly erred and violated Fed. R. Crim. P. 11(b)(1)(I) by wrongly informing Mr. Essary of the statutory range for his offense or

---

mandatory minimum sentence of 15 years, or 180 months, pursuant to 18 U.S.C. § 924(e)(1). (*See* PSR ¶ 119.)

failing to inform Mr. Essary of the 15-year mandatory minimum that would apply if the court found that he was an Armed Career Criminal, as trial counsel failed to object and appellate counsel failed to raise the issue on appeal" (§ 2255 Mot. at 8, *id.*, ECF No. 1).

On February 18, 2014, Essary filed a motion for an enlargement of time to supplement his petition. (Mot. for Enlargement of Time, *id.*, ECF No. 4.) On May 12, 2014, Essary filed a second motion for an enlargement of time to supplement his petition. (Mot. for 2d Enlargement of Time, *id.*, ECF No. 5.) In an order issued on July 2, 2014, the Court denied the first motion as moot and granted Essary an extension of time to file a legal memorandum. (Order, *id.*, ECF No. 6.) Essary never filed a legal memorandum.

On September 17, 2015, the Court issued an order directing the Government to respond. (Order, *id.*, ECF No. 7.) The Government filed its Answer on October 6, 2015. (Answer, *id.*, ECF No. 10.) Essary did not file a Reply.

## II. THE LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

A § 2255 motion is not a substitute for a direct appeal. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976). "Defendants must assert their claims in the ordinary course of trial and direct appeal." *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). This rule is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.

*Id.*

Even constitutional claims that could have been raised on direct appeal, but were not, are barred by procedural default unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise these issues previously. *El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3d 693, 699-700 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors). Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("§ 2255 Rules"). "If the motion is not

dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.* The movant is entitled to reply to the Government's response. Rule 5(d), § 2255 Rules. The Court may also direct the parties to provide additional information relating to the motion. Rule 7, § 2255 Rules.

"In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* (internal quotation marks omitted). Where the judge considering the § 2255 motion also presided over the criminal case, the judge may rely on his recollection of the prior case. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996); *see also Blackledge v. Allison*, 431 U.S. 63, 74 n.4 (1977) ("[A] motion under § 2255 is ordinarily presented to the judge who presided at the original conviction and sentencing of the prisoner. In some cases, the judge's recollection of the events at issue may enable him summarily to dismiss a § 2255 motion . . . ."). The movant has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### III. ANALYSIS

In Claim 1, Essary argues that his Shelby County burglary conviction was not a prior conviction under the ACCA, and that his trial and appellate counsel rendered ineffective assistance by failing to object to the use of this conviction. (§ 2255 Mot. at 5, *Essary v. United States*, No. 2:13-cv-02228-JPM-dkv (W.D. Tenn.), ECF No. 1.) In Claim 2, Essary claims that he was wrongly sentenced under the ACCA because the Government needed to prove his prior

7

convictions to a jury, and that his trial and appellate counsel rendered ineffective assistance by failing raise this issue. (*Id.* at 6.) In Claim 3, Essary argues that the Court "wrongly inform[ed] Mr. Essary of the statutory range for his offense or fail[ed] to inform Mr. Essary of the 15-year mandatory minimum that would apply if the court found that he was an Armed Career Criminal." (*Id.* at 8.) Essary further argues that his trial and appellate counsel were ineffective for failing to object or raise this issue. (*Id.*)

As to each of these claims, Essary asserts that he failed to raise them earlier due to the ineffective assistance of trial counsel and appellate counsel. (*Id.*) He also cites *Massaro v. United States*, 538 U.S. 500, 504 (2003), which provides that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." (*Id.*) "Ineffective assistance of counsel . . . is cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Thus, to determine whether Essary's claims are procedurally defaulted, the Court must evaluate whether Essary received ineffective assistance of counsel.

A claim that ineffective assistance of counsel has deprived a movant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). To demonstrate deficient performance by counsel, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

> A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

*Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citations omitted).

To demonstrate prejudice, a prisoner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.[2] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Counsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Richter*, 562 U.S. at 104 (citations and internal quotation marks omitted); *see also id.* at 111-12 ("In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. . . . The likelihood of a different result must be substantial, not just conceivable." (citations omitted)); *Wong v. Belmontes*, 558 U.S. 15, 27 (2009) (per curiam) ("But *Strickland* does not require the State to 'rule out' [a more favorable outcome] to prevail. Rather, *Strickland* places the burden on the defendant, not the State, to show a 'reasonable probability' that the result would have been different.").

### A. The Armed Career Criminal Enhancement for Shelby County Conviction (Claim 1)

In Claim 1, Essary alleges that he was incorrectly sentenced as an armed career criminal. (§ 2255 Mot. at 5, *Essary v. United States*, No. 2:13-cv-02228-JPM-dkv (W.D. Tenn.), ECF No. 1.) Specifically, Essary asserts that "case law demonstrates that his 1994 Shelby County conviction for burglary[3] is not a[n] ACCA qualifying prior conviction." (*Id.*) Essary further

---

[2] "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant . . . ." *Id.* at 697. If a reviewing court finds a lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient. *Id.*

[3] Essary was, in fact, convicted of second degree burglary in Shelby County in 1985, not 1994. (PSR ¶ 33.)

asserts that he failed to raise this issue earlier due to the ineffective assistance of trial counsel and appellate counsel. (*Id.*)

Essary was sentenced under the ACCA, which provides as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). The prior convictions used to qualify Essary as an armed career criminal were (i) a 1985 Tennessee conviction for second degree burglary (PSR ¶ 33); (ii) a 1990 Tennessee conviction for aggravated assault (*id.* ¶ 38); and (iii) a 1994 Florida conviction for aggravated battery – great harm (*id.* ¶ 43).

In his position paper in response to the PSR ("Defendant's Position Paper"), Essary's trial counsel argued that "[t]he crime of Burglary II . . . was inclusive of conduct which was broader than the generic definition of Burglary of a Dwelling" and that "[t]he crime of Burglary II . . . did not necessarily require as an element of the offense the use, attempted use, or threatened use of physical force against another." (Def.'s Position Paper at PageID 42 *Essary v. United States*, No. 2:08-cr-20374-JPM (W.D. Tenn.), ECF No. 43.) Defense counsel argued that, "[a]ccordingly, the crime does not fit the definition of a 'violent felony.'" (*Id.*) As is evident, trial counsel did, in fact, object to the use of Essary's 1985 Shelby County burglary conviction as a predicate offense under the ACCA. Accordingly, Essary cannot show either deficient performance or prejudice as to his claim that trial counsel "fail[ed] to raise this objection." (§ 2255 Mot. at 5, *Essary v. United States*, No. 2:13-cv-02228-JPM-dkv (W.D. Tenn.), ECF No. 1.)

Nor can Essary demonstrate that he was prejudiced by appellate counsel's failure to raise this issue on direct appeal. In *United States v. Jones*, the Sixth Circuit found that the Tennessee second degree burglary statute of which Essary was convicted "fits within the enumerated offenses in § 924(e)(2)(B)(ii)." 673 F.3d 497, 505 (6th Cir. 2012). Accordingly, had appellate counsel raised this issue on appeal, the Sixth Circuit would have upheld the categorization of Essary's Shelby County burglary conviction as a "violent felony" under the ACCA. Because Essary fails to show that he was prejudiced as a result of appellate counsel's failure to raise this issue, he cannot establish ineffective assistance of appellate counsel.

Essary fails to demonstrate that trial counsel or appellate counsel was ineffective and, therefore, fails to establish cause to excuse his procedural default of the underlying claim. Additionally, as discussed above, Essary cannot show prejudice. Essary's conviction under the Tennessee second degree burglary statute fits within the enumerated offenses in 18 U.S.C. 924(e)(2)(B)(ii). *See Jones*, 673 F.3d at 505. Accordingly, Essary's Shelby County burglary conviction was properly considered as a qualifying offense under the ACCA. Claim 1 is without merit and is DISMISSED.

### B.  Proof of the Prior Convictions Beyond a Reasonable Doubt and to the Jury (Claim 2)

In Claim 2, Essary claims that he was wrongly sentenced under the ACCA because the Government needed to prove his prior convictions to a jury and that his trial and appellate counsel rendered ineffective assistance by failing raise this issue. (§ 2255 Mot. at 6, *Essary v. United States*, No. 2:13-cv-02228-JPM-dkv (W.D. Tenn.), ECF No. 1.) Essary asserts that he "was not aware that, without an admission, [his] prior convictions would need to be proved to a jury." (*Id.*)

Essary is mistaken in his belief that, had he gone to trial, the Government would have needed to prove the fact of his prior convictions beyond a reasonable doubt or to a jury. The Sixth Circuit "has rejected the argument that *Apprendi* requires the nature of prior convictions to be determined by a jury, holding instead that the district court's authority to determine the existence of prior convictions was broad enough to include determinations regarding the nature of those prior convictions." *United States v. Barnett*, 398 F.3d 516, 524 (6th Cir. 2005); *see also United States v. Miller*, 371 F. App'x 646, 650-51 (6th Cir. 2010) ("*Apprendi* excepts the fact of a prior conviction, which may be found by a judge at sentencing by a preponderance of the evidence based on *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed. 2d 350 (1998)."). Regardless of whether a defendant pleads guilty or is convicted by a jury, the government does not need to prove the defendant's prior convictions beyond a reasonable doubt for purposes of sentencing.[4] Instead, a court "is permitted to find, based on the preponderance of the evidence, the fact of a prior conviction." *United States v. Martin*, 526 F.3d 926, 941 (6th Cir. 2008).

Accordingly, Essary was not wrongly sentenced as an armed career criminal as a result of the Government's failure to prove beyond a reasonable doubt the fact of his prior convictions to a jury. The Court properly found that Essary had three prior convictions for "violent felonies" under the ACCA. His trial counsel could not be considered deficient for failing to challenge a lawful exercise of the district court's authority, nor could his appellate counsel be considered deficient for failing to raise this issue on appeal. Because Essary's contention that his trial and

---

[4] The government must prove each and every element of a 18 U.S.C. § 922(g) charge beyond a reasonable doubt in order to convict. Therefore, in order to convict the defendant under § 922(g), the government must prove (1) that the defendant, prior to the date of the alleged crime, had been convicted of a crime punishable by imprisonment for a term exceeding one year; (2) that the defendant knowingly possessed the firearm as charged; and (3) that the firearm had previously crossed a state line. *United States v. Grubbs*, 506 F.3d 434, 439 (6th Cir. 2007).

appellate counsel were ineffective lacks merit, he cannot show cause to excuse his procedural default of the underlying claim. Claim 2 is without merit and is DISMISSED.

> C. **Counsel Was Not Ineffective in Connection to Informing Essary of the Statutory and Maximum Penalties**

In Claim 3, Essary claims that the Court "wrongly inform[ed] Mr. Essary of the statutory range for his offense or fail[ed] to inform Mr. Essary of the 15-year mandatory minimum that would apply if he court found that he was an Armed Career Criminal." (§ 2255 Mot. at 8, *Essary v. United States*, No. 2:13-cv-02228-JPM-dkv (W.D. Tenn.), ECF No. 1.) Essary further argues that his trial counsel and appellate counsel were ineffective for failing to raise this issue. (*Id.*) Specifically, Essary complains that "[n]othing in the indictment suggested that Mr. Essary might be sentenced under 18 U.S.C. § 924(e) so that the mandatory minimum would be 15 years. . . . The plea agreement said nothing about the statutory range changing from zero to 10 ten years to 15 years to life." (*Id.*)

The two-part test stated in *Strickland* applies to challenges to guilty pleas based on the ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Id.* at 56 (internal quotation marks omitted). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59; *see also Padilla v. Kentucky*, 559 U.S. 356, 372 (2010) ("[T]o obtain relief on this type of claim, a [prisoner] must convince the court that a

decision to reject the plea bargain would have been rational under the circumstances.").[5] A prisoner "cannot make that showing merely by telling [the court] now that [he] would have gone to trial then if [he] had gotten different advice. The test is objective, not subjective . . . ." *Pilla v. United States*, 668 F.3d 368, 373 (6th Cir. 2012). The Supreme Court also emphasized that "it is often quite difficult for petitioners who have acknowledged their guilt to satisfy *Strickland*'s prejudice prong." *Padilla*, 559 U.S. at 371 n.12.

In the instant matter, the Penalty Copy of the Indictment provides that "if the defendant has three prior convictions for violent felonies or serious drug offenses," then the count charged has a penalty of "[no less than] 15 years imprisonment, and [no more than] life imprisonment"." (Indictment, *United States v. Essary*, No. 2:08-cr-20374-JPM (W.D. Tenn.), ECF No. 3 (sealed).) During the change of plea hearing on November 16, 2009, the Court advised Essary that

> The maximum penalty in this case is 10 years in prison and a $250,000 fine plus three years of supervised release and a hundred dollar special assessment. But, of course, if you have three prior convictions or violent felonies or serious drug offenses, it changes to no less than 15 years in life [sic], no more than life, a 250,000-dollar fine, five years of supervised release and a 100-dollar special assessment.

---

[5] The Supreme Court emphasized that,

> [i]n many guilty plea cases, the "prejudice" inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error "prejudiced" the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. Similarly, where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.

*Hill*, 474 U.S. at 59.

(Change of Plea Hr'g Tr. 12:14-20, *id.*, ECF No. 95.) Essary testified that he understood the maximum penalties. (*Id.* at 12:21-23.) He further testified that he understood that the Court would not be able to determine the advisory guideline range until after the presentence report had been completed. (*Id.* at 13:5-8.) At the sentencing hearing, the Court reviewed the calculation recommended in the PSR, stating,

> The offense level total is 31. The criminal history category is a VI. There were 13 criminal history points. The period of incarceration available under the statute is no less than 15 years and no more than life. The guideline range is 188 months to 235 months, which is obviously a little more than 15 years to a little less than 20 years. The period of supervised release is not more than five years. The range is three years to five years. The fine range is $15,000 to $150,000. The special assessment is $100.

(Sentencing Hr'g Tr. 132:16-25, *id.*, ECF No. 94.) Defense counsel reminded Mr. Essary, on the record, that the Court did not have the discretion to impose a sentence less than 180 months. (*Id.* at 135:23-136:3.)

The Court rejects Essary's contention that his counsel was ineffective in failing to object to the statutory range or the fifteen-year mandatory minimum. At the change of plea hearing, the Court advised Essary of the maximum sentence for a conviction under 18 U.S.C. § 922(g). Essary did not move to withdraw his guilty plea when he received the PSR and saw the guideline calculations, including the recommendation that he be sentenced under the ACCA. Essary's counsel and the Court ensured that Essary was aware when he entered his guilty plea of the possibility that he might be found to be an armed career criminal. Trial counsel was not deficient in failing to object to the Court's statements regarding the statutory and maximum penalty because Essary was, in fact, properly informed about the statutory range and the possibility of a fifteen-year mandatory minimum sentence. Because the record demonstrates that Essary understood the statutory range and mandatory minimum sentence, and Essary fails to even allege

15

that he would have changed his plea had he received different advice, he also cannot show prejudice as a result of trial counsel's failure to object. Moreover, appellate counsel was not ineffective for failing to raise this issue on appeal. The record reflects the fact that Essary was properly informed and, therefore, there was no issue to raise on appeal.

The underlying claim that Essary was uninformed about the possible penalties has no merit, and accordingly, Essary fails to establish either deficient performance or prejudice. As a result, Essary cannot demonstrate ineffective assistance of counsel nor cause to excuse his procedural default of the underlying claim. Claim 3 is without merit and is DISMISSED.

Because Essary is not entitled to relief on any of the issues raised in his § 2255 Motion, the Court DENIES the § 2255 Motion. Judgment shall be entered for the Government.

## IV.         APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x

989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011) (same). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

There can be no question that the issues raised in Movant's § 2255 Motion are meritless for the reasons previously stated. Because any appeal by Movant on the issues raised in his § 2255 Motion does not merit further review, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. *Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Id.* at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a) (4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.[6]

---

[6] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

IT IS SO ORDERED this 3rd day of February, 2016.

                                              /s/ Jon P. McCalla
                                              JON P. McCALLA
                                              UNITED STATES DISTRICT JUDGE